# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:15-MJ-260
White Samsung Galaxy Tablet, Model: SM-T110, Serial )
Number R52FA02DB2E, in the custody of ATF in )
Chattanooga, Tennessee )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, attached and incorporated herein

located in the _____Eastern_____ District of _____Tennessee_____, there is now concealed *(identify the person or describe the property to be seized)*:
see Attachment B, attached and incorporated herein

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Possession of a firearm or ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. |

The application is based on these facts:
see Attachment Affidavit of ATF Special Agent Brian Scott Musgrave, attached and incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's Signature*

Brian Scott Musgrave, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/27/2015

_____
*Judge's signature*

City and state: Chattanooga, Tennessee    SUSAN K. LEE, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

The property to be searched is a white Samsung Galaxy Tablet, Model: SM-T110, Serial Number R52FA02DB2E. The Device is currently located at the ATF Office in Chattanooga, Tennessee.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in *Attachment B*.

1

# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(1) and involve Justin Allen Owens, including:

   a. photographs depicting the transportation, ordering, purchase, distribution, possession, or sale of firearms by Justin Allen Owens after October 2, 2006;

   b. indicia of ownership of the Device described in Attachment A, including evidence of user attribution showing who used or owned the Device on or about February 15, 2015;

   c. Any and all other material evidence of violations of 18 U.S.C. § Section 922(g)(1), which include attempt and possession of firearms by a person convicted of a crime punishable by imprisonment for a term exceeding one year.

END OF ATTACHMENT B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT of TENNESSEE
# at CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| SEARCH OF white Samsung Galaxy ) | |
| Tablet 3 Lite, Serial Number ) | Judge Collier/Magistrate Lee |
| R52FA02DB2E ) | |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A SEARCH WARRANT

I, Brian Scott Musgrave, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in *Attachment B*.

2. I, Brian Scott Musgrave, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed for over 7 years. In total, I have over 7 years of law enforcement experience. I am currently assigned to the Knoxville, Tennessee Field Office. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigators Training Program. I received a Bachelor of Science degree from Appalachian State University in Boone, North Carolina. I have had specialized training with respect to firearms and narcotics violations and have been involved in numerous investigations involving firearms, violent crimes, and the illegal distribution of controlled substances. As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws relating to firearms, explosives, arson and illegal controlled substances. I have

also conferred with multiple law enforcement officers and agents who are extensively trained in Computer Forensic Examination during the course of this and numerous other investigations.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a white Samsung Galaxy Tablet, Model: SM-T110, Serial Number R52FA02DB2E, hereinafter the "Device." The Device is currently located at the ATF Field Office in Chattanooga, Tennessee.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in *Attachment B*.

## PROBABLE CAUSE

6. The information contained in this affidavit is based upon my own training and experience, my own knowledge and information provided to me by other law enforcement officers and cooperating witnesses.

7. The crime being investigated and prosecuted is the illegal possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C § 922(g)(1).

8. I have reviewed a criminal judgment for Owens indicating he was convicted of the following felony by the State of Tennessee on October 2, 2006: Aggravated Robbery.

9. On February 15, 2015, at approximately 3:00 pm, Cleveland Police Department Officer Matt Bailey responded to a call from dispatch regarding a vehicle crash with injuries.

Upon arriving at the scene, Officer Bailey made contact with Justin Allen Owens and learned that he had been operating a motorcycle that just collided with another motorcycle. Officer Bailey ran Owens' driver's license and learned that it was suspended out of the Bradley County. Officer Bailey also discovered that the license plate on the motorcycle Owens was operating was issued to a different motorcycle. Owens was also unable to provide Officer Bailey with proof of insurance for the motorcycle he was riding. As a result, Officer Bailey arrested Owens for these traffic infractions.

10. As he was placing Owens under arrest, Officer Bailey removed a backpack from Owens' person and placed him in the back of his patrol car. Officer Bailey then proceeded to search the backpack he had just seized from Owens' person. Owens advised Officer Bailey the backpack was not his.

11. As he was searching Owens' backpack, Officer Bailey discovered a Hi-Point, Model C9, 9mm semi-automatic pistol in the backpack. Officer Bailey also found, among other things, a set of digital scales, hypodermic needles, a small quantity of methamphetamine, and a white Samsung Galaxy Tablet, Model: SM-T110, Serial Number R52FA02DB2E in the backpack. The Samsung Galaxy Tablet (the "Device") is more particularly described in *Attachment A*. The Device was admitted into and stored within the Cleveland Police Department ("CPD") evidence room in a secure manner to ensure its contents are the same as the day it was seized.

12. On June 23, 2015, a federal grand jury in the Eastern District of Tennessee returned an Indictment charging Owens with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

13. The Device is currently in the lawful possession of ATF. It came into the possession of ATF on August 26, 2015, after I learned that the Device had been seized by Officer Bailey. Specifically, on August 20, 2015, I received a Property Report of the evidence that was seized from Owens on February 15, 2015, which includes the Device. This is the first time I became aware that the Device was seized from Owens on February 15, 2015. Thereafter, CPD transferred possession of the Device to ATF to be stored at the ATF Field Office in Chattanooga, Tennessee.

14. The Device is currently in storage at the ATF Field Office in Chattanooga, Tennessee. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same condition as they were when the Device first came into the possession of ATF. The Device has remained in law enforcement custody since it was seized on February 15, 2015.

15. Based on my training and experience, individuals who engage in the unlawful possession of firearms often take, or cause to be taken, photographs or videos of themselves with such firearms, and they store these photographs and videos on their own electronic devices, such as cell phones, I-pads, tablets, etc.

16. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a digital camera (still and video), portable media player, and GPS device, along with Internet and email connectivity. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device, as well as indicia of ownership.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods. This information can sometimes be recovered with forensics tools.

18. *Forensic evidence.* As further described in *Attachment B*, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crime charged in the Indictment referenced in herein, but also forensic evidence that establishes who used the Device and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.

Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in *Attachment A* to seek the items described in *Attachment B*.

Respectfully submitted,

_Brian Scott Musgrave_
Brian Scott Musgrave
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Subscribed and sworn to before me
on August 27, 2015:

_Susan K. Lee_
Susan K. Lee
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

The property to be searched is a white Samsung Galaxy Tablet, Model: SM-T110, Serial Number R52FA02DB2E. The Device is currently located at the ATF Office in Chattanooga, Tennessee.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in *Attachment B*.

1

Case 1:15-mj-00260-SKL   Document 1   Filed 08/27/15   Page 11 of 16   PageID #: 11

# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(1) and involve Justin Allen Owens, including:

   a. photographs depicting the transportation, ordering, purchase, distribution, possession, or sale of firearms by Justin Allen Owens after October 2, 2006;

   b. indicia of ownership of the Device described in Attachment A, including evidence of user attribution showing who used or owned the Device on or about February 15, 2015;

   c. Any and all other material evidence of violations of 18 U.S.C. § Section 922(g)(1), which include attempt and possession of firearms by a person convicted of a crime punishable by imprisonment for a term exceeding one year.

END OF ATTACHMENT B

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:15-MJ-260
)
White Samsung Galaxy Tablet, Model: SM-T110, Serial )
Number R52FA02DB2E, in the custody of ATF in )
Chattanooga, Tennessee )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Eastern    District of    Tennessee   
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached and incorporated herein

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein

    **YOU ARE COMMANDED** to execute this warrant on or before    September 9, 2015    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    SUSAN K. LEE   
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 08/27/2015 ~~0:00 am~~ 3:19 p.m.

                                                    *Judge's signature*

City and state:    Chattanooga, Tennessee       SUSAN K. LEE, U.S. MAGISTRATE JUDGE   
                                                          *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: 1:15-cr-68 | Date and time warrant executed: 8/27/15 | Copy of warrant and inventory left with: |
| Inventory made in the presence of : Det. Mike Tilley | | |
| Inventory of the property taken and name of any person(s) seized: 1 - DVD-R containing photos + videos from white Samsung Tablet serial # R52FA02DB2E | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 9/15/15

S/A B. Scott Mu[signature]
*Executing officer's signature*

Special Agent B. Scott Musgrave
*Printed name and title*

# ATTACHMENT A

The property to be searched is a white Samsung Galaxy Tablet, Model: SM-T110, Serial Number R52FA02DB2E. The Device is currently located at the ATF Office in Chattanooga, Tennessee.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in *Attachment B*.

1

# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(1) and involve Justin Allen Owens, including:

   a. photographs depicting the transportation, ordering, purchase, distribution, possession, or sale of firearms by Justin Allen Owens after October 2, 2006;

   b. indicia of ownership of the Device described in Attachment A, including evidence of user attribution showing who used or owned the Device on or about February 15, 2015;

   c. Any and all other material evidence of violations of 18 U.S.C. § Section 922(g)(1), which include attempt and possession of firearms by a person convicted of a crime punishable by imprisonment for a term exceeding one year.

END OF ATTACHMENT B